**FILED**
**Jan 21, 2021**
**09:22 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT GRAY

| | | |
|---|---|---|
| **TINA LEMONS,** | ) | **Docket Number: 2019-02-0313** |
| **Employee,** | ) | |
| **v.** | ) | |
| **ELWOOD STAFFING SERVICES, INC.,** | ) | **State File Number: 20525-2019** |
| **Employer,** | ) | |
| **and** | ) | |
| **ZURICH AMERICAN INSURANCE COMPANY,** | ) | **Judge Brian K. Addington** |
| **Carrier.** | ) | |

---

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

---

This case came before the Court on January 15, 2021, on Elwood Staffing Services's Motion for Summary Judgment. Previously, this Court twice denied Tina Lemons's request for benefits, finding that her medical proof did not show that her alleged injury primarily arose out of and in the course and scope of employment. In its motion, Elwood contends the undisputed material facts prove Ms. Lemons's alleged injury did not primarily arise from her work, and thus it is entitled to summary judgment. After careful consideration, the Court grants the motion.

Ms. Lemons argued she had not received the second Expedited Hearing order or Elwood's Motion for Summary Judgment. However, she received the Notice for the Summary Judgment hearing. She noted her address changed but her email address did not. She asserted she did not respond to the motion because she did not receive it and argued that, with more time, she could talk to her physician again about her injury.

Elwood argued that it mailed and emailed a copy of its motion to Ms. Lemons, and that email notice was proper according to court rules.[1]

---

[1] The Court both mailed and emailed correspondence to Ms. Lemons.

1

## Facts

Elwood filed a Statement of Undisputed Material Facts, summarized as follows:

1. Ms. Lemons reported a right-hand injury on February 16, 2019.
2. She selected Dr. Bruce Berry as her authorized treating physician.
3. On March 19, 2019, Dr. Berry said her injury is not work-related.
4. She submitted a note dated May 24, 2019, from Dr. William Parsley stating that her diagnosis is "likely related to her injury."
5. Dr. Parsley did not affirmatively state that Ms. Lemons suffered an injury arising primarily out of and in the course and scope of employment.
6. In a May 28, 2020 Order, the Court found Dr. Parsley's opinion was insufficient to overcome the presumption of correctness afforded to Dr. Berry's opinion.
7. The Court held Ms. Lemons was not likely to succeed at a hearing on the merits and denied her claim.
8. She requested a second Expedited Hearing and submitted an additional medical record dated August 31, 2020, from Dr. Parsley stating that her hand injury is "related to a work injury."
9. In a November 24, 2020 order, the Court found that Dr. Parsley did not state Ms. Lemons's injury arose primarily out of and in the course and scope of her employment, and therefore his opinion was insufficient to overcome the presumption of correctness afforded to Dr. Berry's opinion.

Elwood argued that there was no genuine issue as to whether her injury was not work-related. Therefore, Ms. Lemons was not entitled to benefits as a matter of law. Ms. Lemons did not provide a written response.

## Analysis

Ms. Lemons argued she never received the motion or the Court's previous order. However, she received notice of the hearing, and her email address has not changed throughout this claim. The Court finds she received the motion but did not respond to it. Because Ms. Lemons did not respond to the motion, it is unopposed, and the Court considers whether summary judgment is appropriate.

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that [Elwood] is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2020).

Elwood, as the moving party, must do one of two things to prevail: (1) submit affirmative evidence that negates an essential element of Ms. Lemons's claim, or (2) demonstrate that Ms. Lemons's evidence is insufficient to establish an essential element of

her claim. Tenn. Code Ann. § 20-16-101 (2019); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015).

If Elwood satisfies one of those elements, Ms. Lemons must respond by producing affidavits, pleadings, depositions, responses to interrogatories, or admissions that set forth specific facts showing that there is a genuine issue for trial. Tenn. R. Civ. P. 56.06. If she fails to do so, "summary judgment, if appropriate, shall be entered against the [nonmoving] party." *Id.*

For Ms. Lemons to be successful in her claim, she must prove her injury arose primarily out of and in the course and scope of her employment. Tenn. Code Ann. § 50-6-102(14). Here, Elwood argued it negated an essential element of Ms. Lemons's claim−causation. Specifically, the undisputed proof showed the panel physician stated her injury was not work-related, and Dr. Parsley did not state the alleged injury was primarily related to her work.

The only medical evidence before the Court shows Ms. Lemons's alleged injury was not primarily related to her work. Based on the undisputed facts and viewing the evidence in the light most favorable to Ms. Lemons, the Court finds Elwood negated an essential element of her claim. Thus, it is entitled to summary judgment as a matter of law.

**IT IS, THEREFORE, ORDERED AS FOLLOWS:**

1. Ms. Lemons's claim is dismissed with prejudice to its refiling.

2. The filing fee of $150.00 is taxed to Elwood under Tennessee Compilation Rules and Regulations 0800-02-21-.06 (August 2019), for which execution might issue as necessary.

3. Elwood shall submit the SD2 within ten days of the date of judgment.

4. Unless it is appealed, this order becomes final in thirty days.

**ENTERED January 21, 2021.**

_____
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

3

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent on January 21, 2021.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Tina Lemons, Employee | X | | X | 360 Mysinger Rd. Greeneville, TN 37743 collinstina3232@yahoo.com |
| David Deming, Employer's Attorney | | | X | ddeming@manierherod.com dstevens@manierherod.com |

_____

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

4



## Compensation Hearing Order Right to Appeal:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*